UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMY DALE MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00055-JMS-MJD |
| ) | |
| S. JULIAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Jimmy Dale Martin seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **denied.**

**A. Background**

PACER records show that in 1992, following a jury trial, Martin was convicted of: (1) conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846; (2) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (3) using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He received a mandatory sentence of life imprisonment under 21 U.S.C. § 851 because of prior qualifying drug offenses. His convictions and life sentence were affirmed in *United States v. Martin,* No. 92-5080 (5th Cir. June 25, 1993). PACER records also show that Martin has filed two 28 U.S.C. § 2255 motions. These were docketed as No. 1:01-cv-308 and No. 1:06-cv-29. Each was denied.

Martin contends that the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 2016 WL 4254372 (5th Cir. 2016), render his prior Texas state convictions for delivery of a controlled substance "not viable as predicate convictions" for the purpose of the sentence enhancement he received.

Martin's first motion for relief pursuant to 28 U.S.C. § 2255 was denied on November 6, 2002. He has submitted a motion for leave to file a second or successive § 2255 motion in the Fifth Circuit asserting precisely the claim which is asserted in his habeas petition. His 28 U.S.C. § 2255(f) motion was docketed on June 30, 2017 as No. 17-40698. That matter remains pending at present.

**B. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Martin, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem

with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low,* 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

Here, even if Martin could satisfy the requirements for the Savings Clause, he would not be entitled to relief. *Hinkle* is not applicable because it relates to enhancements under the Sentencing Guidelines, and nothing Martin offers or argues suggests that he does not have two prior convictions for a "felony drug offense." A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Martin's convictions for possession of methamphetamine, possession of methamphetamine with intent to manufacture, and possession of methamphetamine with intent to deliver all facially qualify under

§ 802(44)'s broad language. This is all that is required to trigger the mandatory life sentence which was imposed in his case. *See* 21 U.S.C. § 841(b)(1)(A). "*Johnson* is not pertinent to such cases." *United States v. Guerrero,* 2017 WL 3098256, *2 (D.N.M. June 23, 2017)(citing cases).

### C. Conclusion

Based on the foregoing, Martin has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/16/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMY DALE MARTIN
03681-078
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov